David **GARCIA**, Petitioner–Appellant,

v.

James **WALSH, Superintendent, Luis Marshall, Warden, Respondents– Appellees.**

No. 08–4622–pr.

United States Court of Appeals, Second Circuit.

Oct. 6, 2009.

---

---

Susan J. Walsh, Moskowitz, Book & Walsh, LLP, New York, NY, for Appellant.

Hilary Hassler, Assistant District Attorney (Eleanor J. Ostrow, Assistant District Attorney, on the brief), for Robert M. Morgenthau, District Attorney, New York County, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, JOHN GLEESON, District Judge.*

## SUMMARY ORDER

David Garcia appeals from the denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254, which challenged his New York state murder conviction, *see* N.Y. Penal Law § 125.25(1), on grounds that, *inter alia,* he was denied his Sixth Amendment right to effective assistance of counsel. The district court granted Garcia a certificate of appealability on the issue of whether counsel was ineffective in failing to secure a pre-trial suppression hearing as to the probable cause supporting Garcia's arrest. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Standard of Review*

While we review the denial of a habeas corpus petition *de novo, see Jones v. West,* 555 F.3d 90, 95 (2d Cir.2009), we will not vacate a state conviction unless "the challenged state court decision was either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'" *Acosta v. Artuz,* 575 F.3d 177, 184 (2d Cir.2009) (quoting 28 U.S.C. § 2254(d)); *see also Waddington v. Sarausad,* —— U.S. ——, 129 S.Ct. 823, 831, 172 L.Ed.2d 532 (2009) (reiterating that "state court's application of governing federal law ... must be shown to be not only erroneous, but objectively unreasonable" to support § 2254 relief (internal quotation marks omitted)).

The standard for ineffective assistance of counsel is well established: a prisoner must show both (1) that counsel's performance was objectively unreasonable; and (2) that, but for counsel's unprofessional errors, the result of the proceedings would

---

* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Garcia's ineffective assistance claim is based on an alleged failure to raise a Fourth Amendment issue, "he must also show 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" *Mosby v. Senkowski,* 470 F.3d 515, 519 (2d Cir.2006) (quoting *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). Because Garcia cannot demonstrate the merits of his Fourth Amendment claim, he necessarily cannot satisfy *Strickland.*

### 2. *Garcia's Ineffective Assistance Claim*

Ample probable cause supported Garcia's arrest for the stabbing murder of his wheelchair-bound victim. Specifically, at the time of Garcia's arrest, police knew that the doorman of the victim's building had identified Garcia from a photo spread as looking like the man who had accompanied the victim to his apartment shortly before his death. Further, a suspect in an unrelated robbery told police that Garcia had admitted killing (1) a wheelchair-bound man (2) on Horatio Street—details that corresponded precisely to the charged murder. Finally, police knew that, in an unrelated encounter after the murder at issue, Garcia had given a false name to a police officer and run away from him. Another person on the scene identified the fleeing man as David Garcia and observed that he was wanted for murder. Taken together, these facts certainly provided a "reasonable ground" for police to think Garcia had committed the charged murder. *See Maryland v. Pringle,* 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (observing that "substance" of all definitions of probable cause is "a reasonable ground for belief of guilt" (internal quotation marks omitted)).

Garcia's attacks on the credibility of the inculpating witnesses are unavailing. As the Supreme Court has emphasized, probable cause does not demand "hard certainties" but only a "fair probability." *Illinois v. Gates,* 462 U.S. 213, 231, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In assessing probabilities, a judicial officer must look to "'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Id.* at 231, 103 S.Ct. 2317 (quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)); *accord Walczyk v. Rio,* 496 F.3d 139, 156 (2d Cir.2007). In this case, the state court expressly rejected Garcia's argument that the doorman identification was suggested by police misconduct, making it entirely reasonable and prudent for police to rely on the identification. The same conclusion applies to the robbery suspect's disclosure of Garcia's confession. This person was no anonymous tipster, but a named individual in police custody. *See Florida v. J.L.,* 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (observing that known informant, unlike anonymous tipster, "can be held responsible if her allegations turn out to be fabricated"); *accord United States v. Gagnon,* 373 F.3d 230, 236 (2d Cir.2004). Moreover, the confession attributed to Garcia contained two important corroborating details: the street where the murder occurred and the victim's reliance on a wheelchair. *See Illinois v. Gates,* 462 U.S. at 242, 103 S.Ct. 2317 (stating that officer may rely on informant's tip "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge" (internal quotation marks omitted)). On this record, Garcia cannot demonstrate that it was unreasonable for

police to rely on the disclosed confession in making a probable cause determination. *Cf. Dunaway v. New York*, 442 U.S. 200, 203 & n. 1, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) (noting lack of probable cause where jailhouse informant heard second hand that "someone named 'Irving'" was involved in crime at issue).

In sum, because the facts plainly establish probable cause to arrest Garcia for murder,[1] petitioner cannot satisfy the prejudice prong of *Strickland* analysis, and we cannot conclude that the state courts unreasonably applied clearly established federal law in rejecting his Sixth Amendment challenge to his conviction. *See Mosby v. Senkowski*, 470 F.3d at 519.

### 3. *Conclusion*

We have considered all of petitioner's other arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. Because we conclude that police had probable cause to arrest Garcia for murder, we do not decide whether there was probable cause to arrest him for car theft. That police told Garcia they were arresting him for car theft does not affect our analysis. *See Devenpeck v. Alford*, 543 U.S. 146, 155, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004) ("While it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, we have never held that to be constitutionally required."); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir.2006) ("[I]t is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest.").